[No. 9393.    Department Two. — June 26, 1886.]

IN THE MATTER OF THE ESTATE OF JEAN P. RICAUD, DECEASED. FRANCOIS LARROCHE ET AL., EXECUTORS, ETC., APPELLANTS, v. MARIA RICAUD ET AL., RESPONDENTS.

ESTATE OF DECEDENT — COMMISSIONS OF EXECUTOR — LAND NOT BELONGING TO ESTATE. — The executors of the last will of a deceased person are not entitled to commissions upon the value of a piece of land of which they had taken possession, and which was included in their inventory as a part of the property of the estate, where it is afterwards determined, in an action brought against them to recover the possession, that the land did not belong to the estate.

APPEAL from an order of the Superior Court of the city and county of San Francisco settling the account of the executors of a deceased person.

The appeal was taken by the executors. The further facts are stated in the opinion of the court.

*Jarboe, Harrison & Goodfellow*, for Appellants.

Under section 1618 of the Code of Civil Procedure, the executor is entitled to commissions upon the amount of

the estate accounted for by him. The words "accounted for," as used in this section, mean for which he is accountable, i. e., for which he may be required to give an account, or in other words, the whole of the estate which may come into his possession. (*Wells* v. *Robinson*, 13 Cal. 133; *Richardson* v. *True*, 21 Vt. 676; *Drake* v. *Drake*, 82 N. C. 446; *Succession of Grant*, 4 La. Ann. 387; *Estate of Isaacs*, 30 Cal. 113.)

*A. P. Needles, Selden S. Wright, H. A. Powell,* and *F. J. French,* for Respondents.

The executors are not entitled to commissions on the land in question. (*Estate of Simmons,* 43 Cal. 543; *Estate of Marvin,* Myrick's Prob. Rep. 166; *Estate of Reck,* Myrick's Prob. Rep. 58.)

McKEE, J.—On the 1st of April, 1877, Jean P. Ricaud died in the city and county of San Francisco, seised and possessed of certain real property, which was inventoried by the executors of his last will and testament as assets of his estate, and appraised at seven thousand five hundred dollars. But at the time of his death there was pending against him an action to recover possession of the property; and after his death the executors took possession of the property, assumed defense of the action, and continued to defend it until October, 1882, when judgment was finally rendered against them; after which they surrendered the possession to the plaintiff in the judgment.

Before the surrender the executors had collected from the property rents amounting to the sum of $2,608.50, for which they accounted in their annual accounts. On the filing of the final account of their administration, they presented a claim of $900.99 for commissions upon the sum of $19,524, being the appraisement contained in the inventory; but the court, upon the hearing of an exception taken to the allowance of the claim, deducted

the sum of $7,500,—the appraised value of the real property which the executors had surrendered to the true owner,—and awarded the executors commissions upon the sum of the balance of the appraisement in the inventory and of the rents collected for which the executors had accounted.

It is insisted that the executors were entitled to commissions on the entire appraisement contained in the inventory, and that is the question.

The whole of the estate of a deceased person which may come into the possession of the executor or administrator (with the interest, profit, and income thereof), except such parts of it as may have decreased or been destroyed without his fault, must be accounted for, upon the basis of the inventory, in the final settlement of the administration. In such accounting, the court, in the exercise of its jurisdiction of the estate and its administration, is authorized to allow the executor or administrator for all necessary expenses in the care, management, and settlement of the estate, including reasonable fees paid to attorneys for conducting necessary proceedings or suits in courts, and for his services commissions allowed by law "upon the amount of the estate accounted for by him." (Code Civ. Proc., secs. 1613–1618.) The value of the estate taken into his possession *and accounted for* by him is therefore made the basis for the allowance of commissions. (*In re Simmons*, 43 Cal. 543; *In re Isaacs*, 30 Cal. 113.)

Admittedly, the executors took possession of the land, which was inventoried as part of the estate and appraised at seven thousand five hundred dollars. But the estate had no other interest in it than possession. That interest the executors took and maintained until it was taken from them by process of law; they have accounted for it, and were allowed commissions upon the rents which it yielded. But the land itself did not belong to the estate; it was therefore no part of its assets; and its value did

not form any part of the value of the estate in the possession of the executors for which they were chargeable; therefore, as it was not legally included in the value of the estate taken into their possession and for which they had to account, they were not entitled to commissions upon it.

Order affirmed.

THORNTON, J., and SHARPSTEIN, J., concurred.