[No. 13019.  Department One. — February 12, 1891.]

## JOSEPH E. SHAIN, APPELLANT, v. E. EIKERENKOTTER, RESPONDENT.

| 88 | 13 |
| 120 | 237 |
| 88 | 13 |
| 128 | 47 |
| 88 | 13 |
| 137 | 423 |
| 88 | 13 |
| 144 | 281 |

APPEAL — AUTHENTICATION OF PAPERS — BILL OF EXCEPTIONS — CERTIFICATE OF JUDGE. — On an appeal from an order vacating a levy of an execution, a bill of exceptions is not necessary to authenticate the papers used on the hearing of the motion in the lower court, but they may be properly authenticated by the certificate of the judge. It is essential, however, that it shall appear in some manner that all the papers used on the hearing are contained in the transcript.

ID. — APPEAL — DISMISSAL. — An appeal from an order vacating the levy of an execution will be dismissed, where there is nothing to show that all of the papers used on the hearing in the court below are contained in the transcript, and it is not sufficient that certain papers inserted in

the transcript are authenticated by the certificate of the judge as having been used on the hearing, and placed on file in the court below.

ID. — PRESUMPTION AS TO COUNTER-AFFIDAVITS. — The order vacating the levy will be sustained upon the presumption that counter-affidavits were filed and used by the respondent, if the record does not show the contrary.

APPEAL from an order of the Superior Court of the city and county of San Francisco vacating the levy of an execution.

The facts are stated in the opinion of the court.

*Vincent Neale*, for Appellant.

*George W. Fox*, and *Edward F. Fitzpatrick*, for Respondent.

PATERSON, J. — This is an appeal from an order granting a motion to vacate the levy of an execution.

The transcript contains a copy of the notice of the motion, indorsed "Read on hearing of motion to vacate levy of execution, November 16, 1888. James G. Maguire, Judge"; also a copy of the affidavit used, indorsed in the same manner, a copy of the order granting the motion, of the notice of appeal, and the affidavit of service thereof.

When the cause was called for argument to-day (February 11th), the respondent moved to dismiss the appeal, on the ground that there was nothing in the record to show that the court below acted solely upon the papers referred to in the transcript, and the motion was granted.

It is claimed by appellant that the indorsement made by the judge is a sufficient authentication of the papers used; that no other certificate is necessary to identify them, and that a bill of exceptions is unnecessary.

There is nothing to show that *all* of the papers used on the hearing in the court below are before us in this transcript. The judge may have granted the motion on account of the invalidity of the judgment; the execution

itself may have been void.   It is claimed by appellant that these things will not be presumed, because the notice of motion states that the application will be made on the ground that the property upon which the execution was levied is exempt from execution sale.   This may be granted, although as a matter of fact the notice states that the motion will be based on all the papers in the case, and still the order will be sustained upon the presumption that counter-affidavits were filed and used by the respondent.   There is nothing to show that counter-affidavits were not filed, and every presumption is in favor of the validity of the judgment.

We do not hold that a bill of exceptions is necessary in cases of this kind.   The papers may be properly authenticated by the certificate of the judge (*Somers* v. *Somers,* 81 Cal. 614); but it must be made to appear in some manner that all of the papers used on the hearing are contained in the transcript.   In this case it appears simply that the papers referred to and copied in the transcript were indorsed as having been used on the hearing, and placed on file in the court below.   Whether or not any other papers were used on the hearing, as stated before, does not appear.

For the reasons above stated, the order dismissing the appeal will stand as entered herein.

HARRISON, J., and GAROUTTE, J., concurred.

Hearing in Bank denied.