[No. 15146.   Department Two.—December 30, 1893.]

## HENRY MILLER ET AL., EXECUTORS, IN ACCOUNT WITH THE ESTATE OF CHARLES LUX, DECEASED.

APPEAL FROM ORDER—AUTHENTICATION OF PAPERS—BILL OF EXCEPTIONS —CONSTRUCTION OF RULE 32.—Rule 32 of the Supreme Court, providing that upon an appeal from an order the papers or evidence used on the hearing in the trial court must be authenticated by a bill of exceptions when no other mode of authentication is provided by law, was only intended to apply to those appeals in which the order is sought to be reversed because of matters alleged to be shown by affidavits or evidence taken upon the hearing in the trial court, and does not apply when the order appealed from is attacked for matters appearing upon its face, or upon the face of the record of which it forms a part.

ID.—JUDGMENT-ROLL—SETTLEMENT OF ACCOUNTS OF EXECUTOR—AUTHENTICATION.—The settlement of the accounts of an executor or administrator, although sometimes called an order, is in effect a judgment, and upon appeal therefrom the accounts of the executor or administrator and reports accompanying them, the objections or exceptions to the accounts, the findings of the court thereon, and the judgment or order settling the accounts, constitute the judgment-roll, and need not be authenticated by a bill of exceptions.

ESTATES OF DECEASED PERSONS—SETTLEMENT OF EXECUTOR'S ANNUAL ACCOUNT—FAILURE TO REQUIRE SURVIVING PARTNER TO ACCOUNT.— An executor's annual account is only intended to show what property has been received by him, and what he has done with it, and the failure of the executor to apply for an order requiring the surviving partner to account is no reason why the court should refuse to settle the account.

ID.—EXECUTOR AS SURVIVING PARTNER—SETTLEMENT OF ACCOUNTS— STATEMENT OF PARTNERSHIP AFFAIRS.—Where the surviving partner of a decedent is also one of the executors of the estate, the court cannot refuse to settle his annual account as an executor because of the absence of a statement showing the condition of the partnership affairs.

ID.—UNAUTHORIZED PAYMENT BY EXECUTOR—LEGAL INTEREST, WITH ANNUAL RESTS.—Where the executors of an estate of a decedent, without any order of court therefor, paid a sum of money as a family allowance to the widow, who was also one of the executors, they are chargeable with legal interest, computed with annual rests, upon so much of the sum so paid as was not subsequently approved by order of court.

ID.—LIABILITY OF EXECUTOR.—Where an executor uses the funds of an estate in his own business, or for any purpose of his own, he is chargeable with legal interest, computed with annual rests. ·

ID.—TRUSTEE CAN MAKE NO PROFIT—COMPOUND INTEREST.—The rule which makes an executor or other trustee chargeable with compound interest upon trust funds used by him in his business is not adopted for the purpose of punishing him for any intentional wrongdoing in the use of the fund, but rather to carry into effect the principle enforced by courts of equity that the trustee shall not be permitted to make any profit from the unauthorized use of such funds.   The rule is intended to

C. CAL.—39

100   609
108   454

100   609
111   446

100   609
114    81
114    90
100   609
119   138
119   383
119   582

100   609
125   249
125   394

100   609
128   388

100   609
131   114
131   420

100   609
133   194

100   609
137   423
100   609
139   672
100   609
145   738
100   609
149   171
149   172

secure fidelity in the management of trust estates, and where, as in this state, the conventional rate of interest exceeds the statutory rate, the executor should be charged with legal interest, compounded annually, in order to fully reach the profit realized by him from the use of the trust fund.

APPEAL from an order of the Superior Court of San Mateo County, settling an executor's accounts.

The facts are stated in the opinion of the court.

*J. H. Campbell,* and *D. M. Delmas,* for Appellant.

Interest should be charged upon the unauthorized payments of family allowance. (2 Woerner on Am. Law of Administration, sec. 511, p. 1139; *Crowder v. Shackelford,* 35 Miss. 321; *Clement's Appeal,* 49 Conn. 519; *Jones v. Ward,* 10 Yerg. 160; *Van Houten v. Post,* 32 N. J. Eq. 709; *Moody v. Hemphill,* 71 Ala. 169; *Julian v. Wrightsman,* 73 Mo. 569; *Garesche v. Priest,* 9 Mo. App. 270; *Wheeler v. Bolton,* 92 Cal. 173; *In re Hilliard,* 83 Cal. 427.) The accounts of the executors of this estate are not entitled to allowance in the absence of a full showing of the partnership receipts, disbursements, business and property. (Code Civ. Proc., secs. 1622, 1628.)

*Garber, Boalt & Bishop,* for Miranda W. Lux, Respondent.

The court properly refused to charge the executors with interest on the family allowance after August 30, 1888, as they were not shown to have made any profit by the use of the funds or to have been guilty of some positive misconduct or willful violation of duty. (*Dexter v. Arnold,* 3 Mason, 290; *Karr v. Karr,* 6 Dana, 5; *Stearns v. Brown,* 1 Pick. 530; *Wheeler v. Bolton,* 92 Cal. 159, 172; *Stonebraker v. Friar,* 70 Tex. 202; *Matter of Selleck,* 111 N. Y. 284.) And, in every case where interest is chargeable against an executor or administrator, it is upon the theory that he has either actually or constructively earned an increase or made a profit upon the funds in his hands, the interest being charged to him, not by way of punishment for his breach of duty, but by way of recompense to the estate for profits earned. (*Attorney-*

*General* v. *Alford,* 4 De Gex. M. & G. 843; *Burdick* v. *Garrick,* 5 L. R. Ch. App. 241; *Wheeler* v. *Bolton,* 92 Cal. 173, and cases cited; *Van Doren* v. *Van Doren,* 45 N. J. Eq. 585; *McKnight* v. *Walsh,* 24 N. J. Eq. 510; *Utica Ins. Co.* v. *Lynch,* 11 Paige, 520.) The record shows that the executors made the payments of allowance in question to the widow, relying on a subsisting and unrevoked order of the court, and even if that order had not authorized them to make the payments, they could not be charged with interest if they acted in good faith, for no negligence or misconduct could be imputed to them. *Buttschaw* v. *Miller,* 72 Iowa, 225; *Estate of Holbert,* 48 Cal. 627.) Courts are not disposed to charge a faithful trustee with interest merely because he has been guilty of a technical breach of duty. (*Clarke* v. *Sheldon,* 10 N. Y. Supp. 359.) And the burden is on the appellants to show that the executors acted in bad faith. (*Estate of McQueen,* 44 Cal. 584; *Buttschaw* v. *Miller,* 72 Iowa, 225; *Estate of Holbert,* 48 Cal. 627.)

Neither the statute under which the order of allowance in question was made, nor the terms of that order itself, make the payment of the allowance to the widow terminate with the return of the inventory. (Code Civ. Proc., sec. 1464; note to *Janney* v. *Sprigg,* 48 Am. Dec. 565; *Ooddeen* v. *Oakley,* 2 De Gex. F. and J. 158, 161, 162; *Turner* v. *Scott,* 5 Rand. 332; *Chemical Nat. Bank* v. *Colwell,* 14 Daly, 362; *United States* v. *Fisk,* 3 Wall. 447; *McConky* v. *Superior Court,* 56 Cal. 83; *Holcomb* v. *Lake,* 25 N. J. L. 609.

*George C. Ross,* and *Mastick, Belcher, Van Fleet & Mastick,* for Respondents.

The court did not err in refusing to charge the executors with interest upon the amounts paid for family allowance. (*Walls* v. *Walker,* 37 Cal. 424; 99 Am. Dec. 290; *Estate of McQueen,* 44 Cal. 584; *Estate of Holbert,* 48 Cal. 627; *Wheeler* v. *Bolton,* 92 Cal. 159, 172–76.) No further account of the partnership matters than that furnished was necessary to the settlement of the exec-

utor's account. (Code Civ. Proc., sec. 1585; *Gray* v. *Palmer*, 9 Cal. 616, 637; *Allen* v. *Hill*, 16 Cal. 113, 118; *Gleason* v. *White*, 34 Cal. 258; *Theller* v. *Such*, 57 Cal. 447, 459.)

DE HAVEN, J. The superior court made an order settling certain accounts rendered by the executors of the estate of Charles Lux, deceased, to which accounts exceptions had theretofore been filed by certain devisees named in the will of the deceased. This appeal is taken by said devisees, and is from so much of the order as fails to charge the executors interest upon money which the court found was improperly paid by them to the widow as a family allowance, and in so far as it fails to require a full accounting of the partnership affairs of the firm of Miller & Lux, of which firm the deceased was a member at the time of his death.

The transcript on appeal as amended contains the accounts of the executors and reports accompanying them, the objections or exceptions to the accounts, the findings of the court thereon, and the judgment or order settling the accounts. There is no bill of exceptions in the record, but the papers just referred to are certified by the clerk of the court from which the appeal is taken, to be copies of the originals on file in the matter of the estate of Charles Lux, deceased.

The respondents have made a preliminary motion to dismiss the appeal upon the ground that the papers contained in the transcript are not authenticated by a bill of exceptions as required by rule 32 of this court.

Section 951 of the Code of Civil Procedure makes it the duty of a person appealing from an order to furnish this court with a copy of the order appealed from, and copies "of papers used on the hearing in the court below," and rule 32 of this court provides that such papers or evidence must be authenticated by a bill of exceptions, when no other mode of authentication is provided by law. This rule was only intended to apply to those appeals in which the order is sought to be re-

versed, because of matters alleged to be shown by affi-
davits or evidence used or taken upon the hearing of
the court below.    Such was the case of *White* v. *White*,
88 Cal. 429, cited by respondents.    But a fair interpre-
tation of its language, as well as a consideration of its
object, will show that this rule of the court can have no
application when the order appealed from is attacked
for matters appearing upon its face, or upon the face of
the record of which it forms a part.    The settlement of
the accounts of an executor or administrator, though
sometimes spoken of as an order, is in effect a judg-
ment; and it was held in the *Estate of Page*, 57 Cal. 238,
that in a proceeding for the settlement of such an ac-
count "the petition and account, and the written objec-
tions filed to it are the pleadings which the clerk of the
court is required to attach to a copy of the judgment
(Code Civ. Proc., sec. 670), and these constitute the
judgment-roll"; and to the same effect is the earlier
and well-considered case of *Estate of Isaacs*, 30 Cal. 106;
and while in such a proceeding it is not incumbent
upon the court to make and file express findings, still,
when the account is assailed in any particular for mat-
ters not appearing upon its face, the court may properly
make express findings upon such issues, as was done in
the *Estate of Moore*, 96 Cal. 522, and when it does so
such findings become as much a part of the judgment-
roll as the judgment or order itself, or the account and
exceptions thereto which constitute the pleadings of the
parties.    If the findings in this case are to be regarded
as a part of the judgment-roll, as we think they must,
then every objection urged by the appellants to the
order appears upon the face of the judgment-roll, and
in such a case a bill of exceptions has no office to per-
form, its only purpose being to make that matter of
record which would not otherwise appear as such.

The record here being sufficient to present the ques-
tions raised by the appellants upon this appeal, the mo-
tion to dismiss the appeal must be denied.

2. The court did not err in settling the accounts of

the executors in the absence of an accounting between them and the surviving partner of the firm of Miller & Lux. The accounts filed were not intended to serve as a final account. The purpose of an executor's account is to show what property of the estate has come into his hands, the disbursements made by him, and the balance, if any, remaining in his possession. Under section 1585 of the Code of Civil Procedure the surviving partner has the right to retain possession of the partnership assets until the business of the partnership is settled, paying to the executor, from time to time, any balance to which the deceased partner would have been entitled. The court may, upon application of the executor, compel the surviving partner to render an account of the partnership business, and the executor, in a proper proceeding, may, doubtless, if good cause appear therefor, be required to demand an accounting from the surviving partner, and return the same into court; but the failure of the executor to apply for an order requiring the surviving partner to account is no reason why the court should refuse to settle an annual account of the executor, which, as we have seen, is only intended to show what property has been received by him, and what he has done with it; and the fact that in this case the surviving partner is also one of the executors of the estate of the deceased partner is not any reason for refusing to settle his accounts as an executor because of the absence of a statement showing the condition of the partnership affairs. Of course, when any portion of the assets of a partnership have come into the hands of an executor, as such, he must charge himself therewith in his accounts.

3. The findings of the court show that Miranda W. Lux is the widow of the deceased, and also one of the executors of his will, and on May 14, 1887, the superior court made a family allowance to her of $2,500 per month, to continue until the return of the inventory, or the future order of the court; and that the inventory was returned on August 30, 1888, but the executors con-

tinued thereafter, until November 16, 1891, to pay to the widow the sum fixed as a family allowance in the order of May 14, 1887, thus paying to her for that purpose the sum of $97,500, without any order of the court therefor. It is further found that on March 25, 1892, the court, upon petition of the widow, made an order directing the executors to pay to her, as a family allowance, "the sum of $1,000 per month during the period extending from the thirtieth day of August, 1888, to the fifteenth day of November, 1891."

The court, in its order settling their accounts, refused to allow the executors credit for any part of the ninety-seven thousand five hundred dollars, so paid out by them during the period of time covered by the second order for a family allowance, and also refused to charge them interest thereon. The contention of the appellants here is, that the court erred in holding that the executors ought not to be charged with interest upon this sum so advanced by them to the widow. We think the findings, when read in connection with the accounts filed, show that these payments were made to the widow, who was also one of the executors, to be used by her for her own personal benefit and advantage. Upon these facts the executors are chargeable with legal interest, computed with annual rests, upon so much of the sum so paid as appears to have been improperly advanced by them for the private use of one of their number. When an executor uses the funds of an estate in his own business, or for any purpose of his own, the rule in this state is to charge him with legal interest, compounded with annual rests. (*Estate of Clark*, 53 Cal. 355; *Estate of Stott*, 52 Cal. 403; *In re Hilliard*, 83 Cal. 427.)

It is true that in this case there was no actual bad faith or intentional wrongdoing upon the part of the executors, and they, doubtless, supposed that such expenditure or use of the funds of the estate would be approved by the court. The payments, however, not being authorized by a present order of the court, were made at their peril, and, to the extent that they were not ap-

proved by the subsequent order of the court, constituted a wrongful use of the money of the estate for the personal advantage of one of the executors, all of the executors consenting to such use. The rule which makes an executor or other trustee chargeable with compound interest upon trust funds used by him in his own business is not adopted for the purpose of punishing him for any intentional wrongdoing in the use of such fund, but rather to carry into effect the principle enforced by courts of equity, that the trustee shall not be permitted to make any profit from the unauthorized use of such funds. (*Wheeler* v. *Bolton*, 92 Cal. 159; *Cruce* v. *Cruce*, 81 Mo. 684; *Schieffelin* v. *Stewart*, 1 Johns. Ch. 620; 7 Am. Dec. 507.) The rule is intended to secure fidelity in the management of trust estates, and where, as in this state, the conventional rate of interest exceeds the statutory rate, the executor should in such cases be charged with legal interest, compounded annually, in order to fully reach the profit realized by him from the use of the trust fund.

The court, in settling the accounts in this case upon the findings which appear in this record, should have allowed the executors credit for the sum named in the second order as a family allowance during the period covered by the accounts, and then have charged them legal interest, computed with annual rests, upon the excess paid by them as a family allowance to the widow for the same period.

Order reversed.

FITZGERALD, J., and McFARLAND, J., concurred.

A petition for a hearing in Bank having been filed, the following opinion was rendered thereon on the 29th of January, 1894.

The COURT.—The order of May 13, 1892, directing the executors to pay to the widow an allowance of one thousand dollars per month for her support, during the period named therein, has been reversed; and there is

nothing said in the opinion filed in this case which can be properly construed as a direction to the superior court in settling the accounts of the executors to only credit them on account of the payments made by them for the support of the widow with the amount named in the reversed order. In settling the accounts the court will credit the executors with such sum as it finds was reasonably and properly advanced by them for the purpose named. In declaring this general principle, the court in its opinion simply explained how the account should have been stated upon the findings appearing in the record of the case; but as these findings fell with the order reversed the court will necessarily make new findings, and upon them will state the account in accordance with the general rule announced in the opinion. If the court shall upon the new hearing find one thousand dollars per month or any greater or less amount a reasonable sum to be applied for the support of the widow, then the executors should be credited with the amount so found to be reasonable and proper.

Rehearing denied.