[S. F. No. 4555.   Department One.—April 10, 1906.]

In the Matter of the Estate of EMMA S. PEASE, Deceased.
ALBERT SIMON, Executor, Appellant.

ESTATES OF DECEASED PERSONS—SETTLEMENT OF EXECUTOR'S ACCOUNT—
ITEMS DISALLOWED.—The superior court in settling the final account
of an executor properly disallowed all items for payments made by
the testator, or made by the executor before his appointment, for
which he intentionally presented no claim, or made for unnecessary
expenditures, or for costs of a wrongfully abandoned suit, or for
a personal debt of the executor, or for a notice of sale of real estate
which was published in the wrong county.

ID.—ADDITIONAL DEBITS PROPERLY CHARGED.—The executor was properly
charged in his account with additional debits for money received
from the deceased not intended as a gift, and for the loss of personal
property shown to have been lost to the estate through his neglect.

ID.—PROPER CHARGES OF INTEREST—USE OF FUNDS OF ESTATE.—Where
the court found upon sufficient evidence that the executor had used
the funds of the estate for his own private use and purposes, he
was properly charged with interest on the balance due when the
proceeds of the sale of real estate came into his hands, except as to
the debits additionally charged, upon which interest was properly
allowed from the date of his appointment.

ID.—COMMISSIONS OF EXECUTOR—MORTGAGE CLAIM—SALE OF LANDS.—
An executor is entitled to be allowed commissions on all the property
accounted for by him; and though the general rule is that where
property subject to a mortgage is sold he is entitled only to com-
missions on the net purchase price in excess of the encumbrance, yet
this rule does not apply where the mortgage is presented as a valid
claim against the estate and the sale is made to a third party, in
which case the executor is entitled to commission on the entire pur-
chase price.

ID.—PAYMENT OF MORTGAGE DEBT BY BROKER—AGENCY—PROPER CHARGE
AND CREDIT BY EXECUTOR.—The fact that the mortgage claim was
paid by the real estate broker who made the sale and not by the
executor cannot affect the executor's right to commissions. The
broker was the agent of the executor, who properly charged himself
with the purchase price and credited himself with payment of the
mortgage claim allowed against the estate.

ID.—OBJECTIONS TO ACCOUNT—"PERSON INTERESTED"—LEGATEE—
POWER OF COURT.—Where one of the persons filing objections to the
account is sufficiently shown to be a legatee, she is a "person inter-
ested" within the meaning of section 1626 of the Code of Civil
Procedure; but even if it were otherwise the court has the right
of its own motion to inquire into all the items of the account and
to settle it properly.

ID.—UNNECESSARY COSTS OF TRANSCRIPT—APPORTIONMENT UPON RE-
VERSAL.—Where the judgment was reversed for error in the allowance
of commissions and the executor had made unnecessary costs in the
transcript upon appeal, the respondent will not be charged with the
full costs thereof, but in the present case was only charged with one
third of such cost.

APPEAL from an order of the Superior Court of the City
and County of San Francisco, settling the final account of an
executor. J. V. Coffey, Judge.

The facts are stated in the opinion of the court.

Walter A. Coffee, for Appellant.

A. B. Weiler, and Fred W. Frey, for Respondents.

SLOSS, J.—Albert Simon, as executor of the will of Emma
S. Pease, deceased, filed his first and final account of his admin-
istration of the estate. Objections were filed on behalf of
certain legatees, and the executor was directed to file an
amended final account. This he did, and after hearing wit-
nesses produced by the executor and the legatees, who had
again filed objections to the amended account, the court made

its order settling the account by disallowing certain items with which the executor had credited himself, adding certain sums to the debit side of the account, and charging him with interest on the difference between the debit and credit sides of the account. The executor appeals from this order, and contends that the evidence was insufficient to justify the court in disallowing any of his credits or in charging him with any further debits or with interest. The various items involved will therefore be briefly considered.

(a) *As to credits disallowed.* Three alleged payments to St. Luke's Hospital, aggregating $38.50, were found by the court to have been paid by the deceased in her lifetime, and not by the executor. The testimony of Belle Hopkins supports this finding.

The executor credits himself with five payments to Western National Bank, G. W. Townsend, River Dale Creamery, and for rent and gas, amounting to $51.30. The appellant's own testimony shows that he made these payments before his appointment as executor, that he never presented any claim for these amounts to the court, and that, at the time he made them, he did not intend to charge his mother (the decedent) with them. On this showing, the items were properly disallowed.

An item of ten dollars for expenses of the executor in going to and from Alameda County on business of the estate was found to be neither necessary nor proper, and the finding is supported by testimony that the estate had an agent who performed all services in taking care of the property of the estate in Alameda County, and that the compensation of this agent was charged to the estate.

The court was justified in rejecting an item of four dollars for rent of a safe-deposit box, in view of the testimony of the executor himself that he kept in the box only some papers of the estate which he could have kept safely at home.

The executor expended $7.50 in a suit which he commenced to recover certain personal property of the estate from one Isabel Hopps. In view of the fact, appearing from his own testimony, that he abandoned the suit, although he thought the property sued for belonged to the estate, no good reason being shown for such abandonment, there is no ground for his con-

tention that this should have been allowed as a charge against the estate.

An item of twenty dollars, claimed to have been paid to Isabel Hopps for services rendered the estate was reduced to ten dollars, a witness having testified that ten dollars of the amount paid Mrs. Hopps was for a personal debt of the executor. The court was of course justified in accepting the statement of this witness as against that of the executor.

Forty-three dollars was paid to the Recorder Publishing Company, a newspaper printed and published in San Francisco, for publishing a notice of sale of real estate. The real estate was situated in Alameda County. Since a notice of sale of real estate should be published in a newspaper printed in the county in which the land is situated (Code Civ. Proc., secs. 1547, 1549), this item was not chargeable against the estate.

(b) *As to additional debits.* Mrs. Souriau testified that she saw the deceased, just before her death, give the appellant thirty-five dollars, but not as a present. This was sufficient to authorize the court to debit him with the amount.

The executor was also debited with $175.60, the value of personal property belonging to the estate. This is the same property above referred to as being in the possession of Isabel Hopps. The executor's testimony that he thought it belonged to the estate, but had abandoned a suit for its recovery, and permitted Mrs. Hopps to keep it on paying him sixty-two dollars, which he retained for himself, is ample to show that the property was lost to the estate through his neglect, and he was rightly charged with its value.

(c) *As to charges of interest.* The court, after finding the difference between the credit and debit sides of the account, reached the conclusion that the executor should be charged with simple interest on this difference from July 6, 1903, the date when the proceeds of sale of real estate came into his hands, except as to the items of $35 and $175.60, added to the debit side of the account, on which he was to be charged interest from the date of his appointment. This conclusion was based upon a finding that he had used the funds of the estate "for his own private use and purposes." The finding is sustained by the testimony of the executor, taken in connection with that of Mrs. Heilbron, and fully justifies the charging of

the executor with interest. (*Miller* v. *Lux*, 100 Cal. 609, [35 Pac. 345, 639].)

The appellant contends, further, that the court erred in fixing the amount upon which his commissions were to be figured. It appears that there was a sale by the executor of land in Alameda County. The land was subject to a mortgage of $882, which had been presented as a claim against the estate and allowed. The sale was for fifteen hundred dollars, to one Thena Heilbron. The court allowed commissions only on the net amount realized after deducting the amount of the mortgage from the amount for which the property was sold. We think commissions should have been allowed on the entire fifteen hundred dollars. An executor or administrator is to be allowed commissions based on the value of the estate which has been taken into his possession and accounted for. (*Estate of Simmons*, 43 Cal. 453; *In re Ricaud*, 70 Cal. 69, [11 Pac. 471].) Here the executor testified: "I never got the $1500. I only got what was left after paying off the mortgage." The ruling of the trial court was based, apparently, on the view that the fifteen hundred dollars had not come into the executor's possession. The general rule appears to be that where property subject to an encumbrance is sold, the executor is entitled only to commissions on the net purchase price in excess of the encumbrance. (2 Woerner on American Law of Administration, 2d ed., p. 1166; *Buerhaus* v. *De Saussure*, 41 S. C. 457, [19 S. E. 926, 20 S. E. 64]; *Baucus* v. *Stover*, 24 Hun, 109; *cf. Hitchcock* v. *Mosher*, 106 Mo. 578, [17 S. W. 638].) An examination of these cases indicates that what was sold was merely the equity of redemption, and it may well be held that where property is sold subject to an encumbrance which still remains, the commissions should be calculated only on the value of the interest sold. Here, however, the mortgage had been presented as a valid claim against the estate. The sale was not made to the mortgagee, but to a third party. Under the Code of Civil Procedure (sec. 1569), where there is a sale of lands subject to a mortgage or other lien, the purchase money must be applied first to the satisfaction of the mortgage or lien. The property offered for sale and sold is not the equity of redemption (as it may, for this purpose, be termed), but the entire interest of the estate, regardless of the mortgage. It is the executor's duty to apply the purchase

price to satisfying and removing the lien for the benefit of the purchaser, and this was done here. The statement of the appellant that he did not get the fifteen hundred dollars, but only the surplus over the mortgage, can mean at móst that the purchaser or a broker paid the mortgagee directly instead of paying the full price to the executor and having him pay off the mortgage. But this does not alter the real nature of the transaction. Whoever paid the mortgage did it as agent of the executor. In effect, the executor sold the land for fifteen hundred dollars, and with the proceeds paid off the mortgage debt. "The executor is bound to account to the court for the entire proceeds of sales made under its order." (*Estate of Turner*, 128 Cal. 388, 392, [60 Pac. 967].) In this account the executor charged himself with the sum for which the sale was made, and he should be allowed commissions on it. "It would be a narrow construction of the statute to hold, that because he did not demand its delivery. that therefore in law he did not receive nor pay out that for which he was responsible as received and paid out." (*Huddleston* v. *Kempner*, 87 Tex. 372, [28 S. W. 936].)

There is no force in the point that one of the persons filing objections to the account was not shown to be a "person interested." (Code Civ. Proc., sec. 1626.) The evidence was sufficient to show that she was a legatee under the will, and even if she had not been, the court had the right, of its own motion, to inquire into all the items of the account, and to settle it properly.

The appellant claims, and the respondents concede, that in fixing the interest to be charged against the executor on the balance which should have been in his hands there was some error in computation. This need not be considered, since, when the account again comes before the court for settlement, any such error can be corrected.

For the error in the matter of commissions the order will have to be reversed. To properly present the points raised, a much briefer record would have been sufficient. The appellant has, however, filed a transcript of 306 pages, of which the first 179 are made up largely of papers not constituting any part of the judgment-roll nor authenticated by a bill of exceptions. (*Miller* v. *Lux*, 100 Cal. 609, [35 Pac. 345, 639].) And the bill of exceptions itself, occupying some 120 pages of the

transcript, contains a great deal of unnecessary matter and repetition. Under these circumstances, it would be unjust to throw the entire burden of the costs of this appeal on the respondent. (*Bullard* v. *His Creditors*, 56 Cal. 600.)

The order is reversed, with directions to the lower court to settle the account by allowing the appellant commissions as above indicated, and charging him with interest on the balance due from him, recomputed in accordance with the principles applied on the former hearing; in other respects, the order of settlement to stand unchanged. The appellant shall be limited in his recovery of costs on this appeal, so far as the printing of the transcript is concerned, to one third of the cost thereof.

Angellotti, J., and Shaw, J., concurred.