[Civ. No. 455.    Third Appellate District.—June 8, 1908.]

In the Matter of the Estate of JANE DAVIS, Deceased. T. M. DUNGAN, Administrator, etc., Appellant, v. HIRAM CAMP DAVIS et al., Respondents.

ESTATES OF DECEASED PERSONS—COMMISSIONS OF ADMINISTRATOR—BASIS OF ALLOWANCE—INTEREST IN ANOTHER ESTATE.—Where the estate of a deceased sister consists only of an interest in the estate of a deceased brother, consisting of real estate, which was sold in the course of administration of the brother's estate, and the share of the deceased sister was distributed to her estate only in money, the only basis of allowance of commissions of the administrator of the sister's estate is the money received, which was distributed in kind, within the meaning of section 1618 of the Code of Civil Procedure, and the mere circumstance that one-half of the land of the deceased brother was inventoried as part of the sister's estate, of which the deceased sister's estate never had possession, cannot increase the commissions.

Id.—Commissions on Value of Estate Taken into Possession.—An administrator can only be allowed commissions on the value of the estate actually taken into his possession and accounted for by him.

Id.—Labor not Allowed—Contest Over Letters—Party to Sale Under Partition.—The administrator cannot be allowed in the settlement of his commissions for any labor performed in a contest over letters of administration, nor by reason of the fact that he was made a party to the partition sale made in the administration of the deceased brother's estate, where it does not appear that he was, by reason thereof, put to any extra trouble, labor or expense.

Id.—Authentication of Papers and Orders in Transcript—Certificate by Judge—Use of Definite Article.—Upon the appeal by the administrator from the order fixing his commissions a certificate by the judge to the effect that he has examined the transcript on appeal and finds "that the papers and orders therein set forth and contained are copies of *the* original papers and orders *filed and used* upon the hearing, and in the various proceedings of said estate," sufficiently shows by the use of the definite article "the" that the judge intended to do and does certify that said papers and orders thus used were in fact *all* the papers and orders so used.

APPEAL from an order of the Superior Court of Tulare County settling the commissions of an administrator. W. B. Wallace, Judge.

The facts are stated in the opinion of the court.

Hannah & Miller, and H. T. Miller, for Appellant.

Heller, Powers and Ehrman, for Hiram Camp Davis and Louise Lanctot, Respondents.

Pillsbury, Madison & Sutro, for George W. French, Samuel Davis French, and William Gordon French, Respondents.

Carter P. Pomeroy, for Mary G. Stone, Samuel Davis, Jr., and Mara Belle Davis, Respondents.

HART, J.—The facts of this case are well stated in the brief of counsel for the respondents, George W., Samuel D., Edward and William G. French as follows:

"Jane Davis died on the 19th day of September, 1904, in the State of New York. On the same day the appellant, the Public Administrator of Tulare County, applied in this state for letters of administration upon her estate. On December

24, 1904, appellant was appointed administrator, and on November 12, 1906, was appointed administrator with the will annexed. The estate of said decedent consisted wholly of an undivided one-half interest in the estate of her brother, Samuel Davis, deceased, then in course of administration in the courts of the City and County of San Francisco. The latter estate was distributed on November 13th, 1906, and the *undivided* one-half thereof came into the 'possession' of appellant on the 28th day of December, 1906. On the 14th day of January following, appellant filed his final account and petition for final distribution of the undivided interests of the heirs of Jane Davis.

"It appears that the undivided one-half interest of Jane Davis in certain real estate belonging to the estate of Samuel Davis was inventoried by appellant as real estate. Subsequently, and while in the possession of the executor of Samuel Davis, the land was sold at a partition sale, and the share of the cash proceeds belonging to the estate of *Samuel Davis* turned over to his executor. Upon distribution of the latter estate, one-half of the proceeds was 'distributed' to appellant as administrator of the Jane Davis estate."

The appellant, in his final account, upon the theory that the estate of said Jane Davis was not "distributed in kind" (sec. 1618, Code Civ. Proc.), asks for commissions aggregating $10,517.66. To this claim the respondents objected on the ground that the property of the estate "is distributed in kind and the administration of said estate involved no labor beyond the custody and distribution of the same by the said administrator," etc.

The court, in its decree settling the account, having found that the estate was "being distributed in kind and involved no labor beyond the custody and distribution of the same," reduced the claim for the administrator's commissions, allowing him only the sum of $5,792 as compensation for his services as such administrator. The administrator was also allowed the sum of $10,792 to be paid to his attorneys as counsel fees.

The appeal is by said administrator from that portion of the decree fixing and settling his compensation.

Objection is first urged against the consideration of the record by this court upon the ground that the transcript on

appeal does not contain the evidence received at the hearing and upon which the court based its finding and decree fixing the compensation of the administrator. In other words, it is contended that none of the papers, independent of those constituting the judgment-roll, used at the hearing and comprising the evidence upon which the court acted in fixing and allowing the administrator's commissions, are authenticated by a bill of exceptions, as required by rule 29 of this court [144 Cal. lii, 78 Pac. xii]. We think the objection is untenable. In the case of *Melde* v. *Reynolds,* 120 Cal. 234, [52 Pac. 491], the judge of the trial court merely declared, over his signature, as the judge who tried the case, that certain affidavits were used on the hearing of the motion for a new trial. The clerk of the court also certified that certain other affidavits were used upon said motion. The supreme court in that case, among other things, says: "A bill of exceptions, settled as directed by section 651 of the Code of Civil Procedure, would contain all the affidavits upon which the judge acted in making the order, but the indorsement by him upon certain affidavits that they were used at the hearing of the motion does not make them the record of the papers upon which the motion was heard, since it does not appear thereby that these were all the papers used at the hearing." (Citing *Shain* v. *Eikerenkotter,* 88 Cal. 13, [25 Pac. 966].) In the case at bar, the judge, in his certificate, declares that "I have examined the contents of the within transcript on appeal in said matter, and find that *the* papers and orders therein set forth and contained are copies of *the* original papers and orders *filed and used* upon the hearing and in the various proceedings of said estate." While the judge's certificate does not in so many words state that the papers and orders set forth in the transcript are *all* the papers and orders used in the proceeding, it is clear that by the employment of the definite article "the" as descriptive of the papers and orders thus used the judge intended to and does certify that said papers and orders were in fact *all* the papers and orders so used.

Section 1618 of the Code of Civil Procedure, *supra,* provides that "when no compensation is provided by the will, or the executor renounces all claim thereto, he must be allowed commissions upon the amount of estate *accounted for by him,* as follows," and then follow the commissions to which such

executor is entitled graduated in amount according to certain designated sums constituting the total value of the estate. The latter part of the same section also provides: "Where the property of the estate is distributed in kind, and involves no labor beyond the custody and distribution of the same, the commissions shall be computed on all the estate above the value of twenty thousand dollars, at one-half of the rates fixed in this section."

The controversy between the appellant and the respondents arises out of a difference of opinion as to the true meaning of the quoted part of the section of the Code of Civil Procedure to which we have just referred. The contention of the appellant is that, notwithstanding the fact that the undivided one-half interest of Jane Davis in certain realty belonging to the estate of Samuel Davis, deceased, was sold by the executor of the latter estate while it was still in his possession as such executor, and the proceeds thereof in cash turned over to appellant, as the administrator with the will annexed of the estate of Jane Davis, deceased, the distribution of the last-named estate, consisting of the money so received, was not "in kind," and that, therefore, he is entitled to commissions computed upon the basis upon which compensation is allowed in estates, the property of which is not distributed in the form in which it is received into the possession of executors or administrators, and which "involves labor beyond the custody and distribution of the same." This contention is founded upon the fact that the appellant included in his inventory of the property of the estate of Jane Davis her devised interest in the real estate belonging to the Samuel Davis estate, which at the time of said inventory was yet in process of administration, it being, obviously, appellant's theory that in so returning such interest as a part of the estate of his testate, the same, in the form of realty, constituted the amount, or a portion thereof, of the estate "accounted for by him," within the meaning of said section 1618 of the Code of Civil Procedure.

We cannot agree with the contention of the appellant. We think the law plainly contemplates that an executor or administrator shall receive as his compensation for services performed as such officer commissions based upon the value of property which he has taken into his possession and which,

having been so taken into possession, has been "accounted for." (*Estate of Simmons,* 43 Cal. 543; *In re Ricaud,* 70 Cal. 71, [11 Pac. 471].) In the Simmons case the court says: "When he (the administrator) shall have taken the property into possession and accounted for it, he is entitled to compensation by way of commissions upon its value. Unless he take it into possession, he is not charged in his account with its value. He may, and doubtless would, incur a responsibility, should he fail to take it into possession when he lawfully might, if by such failure it should become ultimately lost to those entitled to its benefits; but as affording a basis for the allowance of commissions, the value of the estate which has been taken into possession, and having been in possession has been accounted for, is alone regarded."

In the case at bar, the evidence shows that the interest of Jane Davis in the land here referred to was, at the time of appellant's appointment as administrator, lawfully in the possession of the executor of the estate of Samuel Davis, deceased; that it became necessary that all said land should be sold by the executor of Samuel's estate in order to distribute said estate according to the disposition made thereof by the will of said Samuel; that said sale was conducted, under a decree of partition of the real property, by said executor of Samuel's estate, and that the latter estate was distributed on November 13, 1906, and that the undivided one-half thereof come into the possession of appellant on the twenty-eighth day of December, 1906; that on the fourteenth day of January, 1907, the appellant, as administrator, etc., of the estate of Jane Davis, deceased, filed his final account and petition for the distribution of said estate. Thus, it is to be observed, the appellant at no time during the administration of Jane Davis' estate ever had possession of her interest in the lands devised to her by Samuel Davis, and that he distributed her estate in the form in which he received possession of it. In other words, there was no change in the character of Jane Davis' estate from the time appellant, as administrator, took possession of it up to the time of the entry of the decree of the distribution thereof. It is, therefore, plainly to be seen that, within the real meaning of the language of section 1618 of the Code of Civil Procedure, the property of the estate of Jane Davis *as distributed* was the same in character as when

the possession thereof was received by the appellant, and that the appellant bestowed upon it no labor beyond that involved in its custody and distribution.

The "labor" involved in the transaction resulting in the conversion of Jane Davis' interest in the lands of Samuel's estate into cash necessarily, under the law, devolved upon the executor of the estate whence such interest came, for, as we have seen, said executor was the lawful custodian and possessor of all the estate of Samuel Davis, and of which this land constituted a part, until said estate was distributed. And, when said Samuel's estate was distributed, the interest of Jane Davis therein was distributed in the character of money and not in that of realty. The property, therefore, "accounted for" by appellant, within a reasonable interpretation of the language of the code section, was the *money* received by him from the executor of Samuel Davis' estate as the proceeds of the sale of Jane's interest in the lands.

We are unable to find any support for appellant's position in *Estate of Cudworth,* 133 Cal. 462, [65 Pac. 1041]. In that case the evidence established that the executor expended labor in the management of said estate and the property thereof beyond the mere custody and distribution of the same; that the executor found it necessary, during the course of the administration of the estate, to surrender certain stock and bonds coming into his possession as part of the assets of the estate in exchange for new issues, and that, before doing so, he was required to make, and he did make, a thorough and careful investigation of the affairs of the corporations. Besides, he collected and realized on many of the promissory notes belonging to the estate, made diligent efforts to collect notes due, gave much personal time and attention to the condition and protection of twenty or more tenements belonging to the estate, bestowed labor upon their repairs, and protected the estate against suit to quiet title brought against him in his official capacity. The administration lasted for more than two years.

In the case under consideration there was, as seen, absolutely no change in the character of the property of the estate as it was received by the administrator after it came into his possession, and the estate was distributed in a little less than a month after the interests of Jane Davis in Samuel's estate

were turned over to him. In short, the record discloses that there was no labor bestowed by the administrator upon the property of the estate beyond its mere custody and distribution, and that the same was distributed "in kind," or in the form in which he received possession of it.

The claim that some extra or special labor was performed by the appellant in a contest with the public administrator of Fresno county over the right to administer the estate of Jane Davis should be considered in determining the compensation of appellant is without merit. This contest involved the bestowal of no labor upon the estate. Whatever labor was performed in carrying on the contest was so performed before the appellant either obtained possession or was adjudged entitled to the possession of the estate. Nor is there anything in the claim that the fact that the appellant was, as administrator of the estate of Jane Davis, made a party to the partition suit instituted by the executor of the estate of Samuel Davis should be considered in fixing appellant's compensation. Necessarily he had to be made a party to that suit, and it does not appear that he was by reason thereof put to any extra trouble, labor or expense.

For the reasons stated in the foregoing, the order and decree settling the final account and fixing the compensation of the administrator is affirmed.

Chipman, P. J., and Burnett, J., concurred.