[S. F. No. 5055.    In Bank.—December 18, 1908.]

## H. B. MUZZY, Appellant, v. D. H. McEWEN LUMBER COMPANY, Respondent.

APPEAL FROM ORDER CHANGING PLACE OF TRIAL—AUTHENTICATION OF PAPERS USED ON MOTION—BILL OF EXCEPTIONS.—An appeal from an order changing the place of trial of an action will be dismissed, unless the papers used on the hearing of the motion are authenticated by being incorporated in a bill of exceptions, as required by rule XXIX of the supreme court. A certificate of the clerk, to the effect that the transcript contains full and true copies of original

papers on file in his office, "all of which were used on the hearing of said motion," is not a proper method of authentication.

Id.—Insufficient Authentication by Clerk.—Assuming that the clerk had power to authenticate the papers used on the hearing of the motion, such authentication would be insufficient for the failure to state that the papers contained in the transcript were all the papers used on the hearing.

MOTION to dismiss an appeal from an order of the Superior Court of Sonoma County changing the place of trial. T. C. Denny, Judge.

The facts are stated in the opinion of the court.

T. T. C. Gregory, and James W. Oates, for Appellant.

Aitken & Aitken, for Respondent.

HENSHAW, J.—This is an appeal by plaintiff from the order of the court changing the place of trial upon motion of defendant and transferring the cause for trial to the county of defendant's residence. The action was to recover damages for breach of contract. Respondent on the appeal moves its dismissal upon the ground that there is no bill of exceptions nor other authentication of the papers on appeal as required by rule XXIX of this court, (144 Cal. lii, [64 Pac. xii]). The transcript contains the complaint, the notice of motion to change the place of trial, the supporting affidavit, and demand for change of place of trial filed with defendant's demurrer to the complaint. To these papers is appended the order of court granting the motion. There is no attestation nor authentication to any of these papers other than the certificate of the clerk to the effect that the transcript contains full and true copies of original papers on file in his office "all of which were used on the hearing of said motion." That this is not a proper method of authentication may not be doubted. The proper method, of course, is by bill of exceptions certified to by the judge. Moreover, waiving the question of the power of the clerk, the authentication is incomplete, for while it states that these papers were used upon the hearing of the motion, it is nowhere made to appear that they were *all* of the papers, and thus this certificate of the clerk is subject to the additional objection considered fatal in *Shain* v. *Eiker-*

*enkotter,* 88 Cal. 13, [25 Pac. 966]. There the papers embodied in the appeal bore the indorsement of the judge that they were read upon the motion. This court said that there was no bill of exceptions or other proper certification to show "that *all* of the papers used on the hearing in the court below are before us in this transcript." To this, however, respondent makes answer that his case comes within the exception noted in *Miller* v *Lux,* 100 Cal. 609, [25 Pac. 345, 639]. But the case does not come within the exception noted in *Miller* v. *Lux.* It is there specifically pointed out that section 951 of the Code of Civil Procedure makes it the duty of a person appealing from an order to furnish this court with a copy of the order appealed from, and copies "of papers used on the hearing in the court below," which means, as construed in 88 Cal., *all* of the papers used in the court below. It is said: "This rule was only intended to apply to those appeals in which the order is sought to be reversed, because of matters alleged to be shown by affidavits or evidence used or taken upon the hearing of the court below." Such is precisely the case here presented. The motion was based upon at least one affidavit and we are not advised by any authentication whether other affidavits were or were not before the trial court. The exceptional case illustrated by *Miller* v. *Lux,* 100 Cal. 609, [35 Pac. 345, 639], was an appeal from an order settling the accounts of the executors and the point of attack was that the court had failed to charge the executors with interest upon money which it found had been improperly paid by them to the widow as a family allowance. It is manifest that this order, in the nature of a final judgment, was reviewable upon the face of the record itself, and for this reason constituted an exception to the general rule. Such, as has been said, is not the situation presented upon this appeal, and the motion to dismiss is therefore granted.

Sloss, J., Shaw, J., Angellotti, J., and Lorigan, J., concurred.