[Civ. No. 211. Fourth Appellate District.—March 7, 1930.]

THE PEOPLE, Appellant, v. THE CITY OF SAN BER-NARDINO (a Municipal Corporation), Respondent.

Raymond E. Hodge for Appellant.

Fred A. Wilson and Joseph R. Rensch for Respondent.

BARNARD, J.—The above-entitled action was one to test the validity of certain proceedings, under which a certain area adjacent to the City of San Bernardino had been annexed to said city. In the trial court a motion to dismiss was heard after notice given and a minute order was entered by the trial court granting the motion and dismissing the action. From this order the plaintiff appealed.

The only record before us is a "Clerk's Transcript." This is certified to by the county clerk, as containing full, true and correct copies of the original records on file in his office in said proceeding, consisting of the petition, affidavits, notice of motion to dismiss, minute order dismissing action, notice of appeal, notice of appeal and request for transcript, notice of entry of judgment, notice of appeal and request for transcript. The respondent on this appeal has moved for its dismissal, one ground of said motion being that appellant has failed to furnish the requisite papers.

Where the requisite papers are not furnished by the appellant the appeal may be dismissed. (Sec. 954, Code Civ. Proc.) Rule XXIX of the rules governing this court, provides that in all cases of appeal from an order of the Superior Court, the papers and evidence used or taken on the hearing of the motion, must be authenticated by incorporating the same in a bill of exceptions, except where otherwise provided by law. In the instant case there is no bill of exceptions and no certificate or authentication of any kind, signed by the trial judge. There is no provision in law permitting the hearing of an appeal in such a matter as this, upon a transcript certified only by the county clerk. Even if there were such provision, the transcript herein would not be sufficient for the reason that the certificate of the county clerk thereto, fails to certify that all of the papers used on the hearing of the court below, are included in the transcript. In addition, the clerk's certificate herein, fails to set forth or state that any of the documents therein set forth, were used on the hearing of said motion, as required by rule XXIX, above referred to. Appellant has therefore failed to furnish the requisite papers. (*Muzzy* v. *McEwen Lumber Co.*, 154 Cal. 685 [98 Pac. 1062].) No proper record being before us,

it becomes unnecessary to pass upon the other ground of the motion to dismiss.

For the reasons given, the motion to dismiss is granted and the appeal dismissed.

Sloane, P. J., and Marks, J., concurred.